In the Matter of James L. LIGHT and Carolyn R. Light, Debtors.

**FEDERAL NATIONAL MORTGAGE ASSOCIATION, Plaintiff,**

v.

**James L. LIGHT and Carolyn R. Light, Defendants.**

**Bankruptcy No. 82–2144A.**
**Adv. No. 82–2144A.**

United States Bankruptcy Court,
N.D. Georgia,
Atlanta Division.

April 18, 1984.

William A. Broughman, Decatur, Ga., for plaintiff.

Paul C. Parker, Decatur, Ga., for defendants.

ORDER

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

Plaintiff, Federal National Mortgage Association, originally filed a complaint to have the automatic stay lifted. Subsequently, plaintiff filed to recover reasonable attorney's fees and expenses and interest on defaulted post-petition payments. In *In re Catherine Christian*, 35 B.R. 229 (Bkrtcy.N.D.Ga.1983) and *In re Dooley*, Case No. 82–02886A (Bkrtcy.N.D.Ga., Jan. 31, 1984) appeal filed, this court held that a secured creditor is entitled to an award of attorney's fees and costs (1) if such is provided under the agreement under which the claim arose pursuant to 11 U.S.C. § 506(b), *Catherine Christian, supra;* and (2) if proper documentation is submitted which enables the court to assess the reasonableness of the request for attorney's fees. *Dooley, supra.*

The creditor in the instant circumstances meets the § 506(b) test for an oversecured creditor. The debtor's principal residence was valued at $40,000.00 in the bankruptcy petition, and the creditor's claim on the principal balance was less than $30,000.00.

Paragraph 6 of the Security Deed Agreement between the parties included a specif-

ic provision entitling the creditor to compensation for attorney's fees:

6. Such expenses and fees as may be incurred in the protection of said premises, including the fees of any attorney employed by the Grantee for the collection of any or all of the indebtedness hereby secured, or foreclosure by Grantee's sale, or court proceedings or in any other litigation or proceeding affecting said premises, and attorney's fees reasonably incurred in any other way, shall be paid by the Grantor.

Paragraph 10 of the Security Deed Agreement between the parties included a specific provision entitling the creditor to collect interest on monies advanced by the creditor under certain circumstances:

10. Grantee may perform any defaulted covenant or agreement of Grantor to such extent as Grantee shall determine and any money advanced by Grantee for such purposes shall bear interest at the rate provided for in the principal indebtedness, shall thereupon become a part of the indebtedness secured by this instrument, ratably and on a parity with all other indebtedness secured hereby, and shall be payable thirty (30) days after demand.

In its brief the creditor contended that it should recover the costs incurred in borrowing money in order to meet the mortgage payments on the debtor's residence. Pursuant to § 506(b) and paragraph 10 of the Security Deed Agreement between the parties, this court finds that the creditor is entitled to collect "interest at the rate provided for in the principal indebtedness" on the defaulted post-petition payments.

The creditor has submitted some documentation regarding the award of reasonable attorney's fees and costs. The documentation, however, is insufficient. Some portions of the copies of the time records are illegible. Additionally, the court will require a short summary statement, categorizing the type of work being charged for, the amount of time spent on that work, and the hourly rate requested. No documentation whatsoever was submitted re-

garding the defaulted post-petition payments. This court will permit the creditors attorney to file the necessary documentation to comply with Rule 219 of the Bankruptcy Rules of Procedure therein effect (presently Rule 2016) and decisional law as outlined by this court in *Dooley, supra,* within 20 days of the entry of this order. Should the debtors have objections, such objections should be filed within 10 days of the creditor's submission.